McKAY, C.J.,
dissents.
|,1 respectfully dissent from the majority’s decision to affirm the trial court’s award of $3,230,162.72 in restoration costs to 2025 Canal St. L.L.C. Although its calculations are not explained in its judgment and reasons for judgment, it appears that the trial judge used the replacement cost figures from the tabulations prepared by the St. Paul’s Travelers (hazard insurance) and Fidelity National (flood insurance) adjusters. The trial court’s utilization of replacement cost as a valuation basis was legal error. See Husband v. Lafayette Ins. Co., 635 So.2d 309 (La.App. 5 Cir.1994). The record indicates that the estimated replacement cost for damages to the leasehold by St. Paul were $2,565,629.00, while those by Fidelity National were $565,099.00. These two figures provide a total of $3,130,728.00. However, the actual cash value of the damage, once adjusted for- depreciation, was $2,128,003.00 for St. Paul and $565,099.00 for Fidelity, for a total of $2,693,102.00. This is a differential of $537,024.00. The obligation for restoration does not require or include a betterment in the leasehold improvements, only a restoration to the condition of those improvements immediately prior to the loss.